UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RICKY GRIFFIN, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 1:21-cv-00757-JRS-MJD ) |
| WENDY KNIGHT, | ) ) ) |
| Respondent. | ) |

**Order Denying Petition for Writ of Habeas Corpus and Directing Entry of Final Judgment**

The petition of Ricky Griffin for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. CIC 20-12-0100. For the reasons explained in this Order, Mr. Griffin's habeas petition must be **denied**.

**A.   Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

### B.    The Disciplinary Proceeding

On December 15, 2020, Officer C. Samaniego wrote a conduct report that charged Mr. Griffin with possession of a weapon. Dkt. 8-1. The conduct report stated:

> On 12/15/2020 at approximant [sic] 8:30 am, I officer Samaniego was doing a range check on 4 range 2/4 side in D building. I was approached by offender Griffin R. #196658 between cells 15 and 16. The offender told me that Officer Barker J. had just searched cell 16/4 and found a homemade weapon in the cell. Offender Griffin # 196658 then stated that the weapon found in cell 16/4 was his. I asked if he lived in that cell? He told me no but I was in the cell when it was searched. He told me that he lives in 1/2 but the weapon found on 16/4 was his.

*Id*. Mr. Griffin was notified of the charge on December 18, 2020, when he received the Screening Report. He pleaded not guilty to the charge. The respondent has no record of Mr. Griffin requesting witnesses or evidence, but Mr. Griffin produced a screening report that includes a request for a witness. Compare dkt. 1-1 with dkt. 8-2.

A hearing was held on January 5, 2021. Based on Mr. Griffin's confession and staff reports, the hearing officer found Mr. Griffin guilty. The sanctions imposed included a 180-day earned-credit-time deprivation, a credit class demotion, and a suspended three-month placement in disciplinary segregation. Dkt. 8-3.

Mr. Griffin's administrative appeals were unsuccessful. Dkt. 8-6; 8-7; 8-8. He then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

### C.    Analysis

Mr. Griffin's petition raises four grounds for relief: 1) that he was denied a requested witness statement; 2) a different officer wrote his conduct report than wrote the conduct report against two other inmates charged with possessing the same weapon; 3) he was denied the other conduct report as evidence that the weapon belonged to another inmate; and 4) the officer who found the weapon was not listed on Mr. Griffin's conduct report.

### 1. The Conduct Report and Reporting Officers

The Court first addresses Mr. Griffin's complaints about his conduct report. He questions why Officer Baker, who found the weapon in inmate Burnworth's cell, was not the officer to write Mr. Griffin's conduct report and why Officer Barker was not listed as a witness on the conduct report.

Only a very narrow set of rights are mandated in prison disciplinary proceedings. *Wolff,* 418 U.S. at 563-67. There is no requirement that every witness to an incident be listed on the conduct report, nor that all conduct reports for a particular event be written by the same correctional officer. Mr. Griffin's conduct report was written by a correctional officer he approached to confess that the weapon found in Mr. Burnworth's cell belonged to him. Dkt. 8-1 at 1. And although the conduct report did not list any witnesses, it did state that Mr. Griffin told the reporting officer that Officer Barker had searched the cell and found the weapon, so Mr. Griffin was on notice that Officer Barker was a witness to the incident. Mr. Griffin is not entitled to relief on these grounds.

### 2. Sufficiency of the Evidence

Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274; *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in the record that could support the

conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56. The Conduct Report "alone" can "provide[] 'some evidence' for the . . . decision." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999).

Mr. Griffin argues that he should not have been found guilty of possessing a weapon because other inmates were found guilty of possessing the same weapon. But the fact that another inmate was found guilty of possessing the weapon does not negate Mr. Griffin's confession that the weapon belonged to him.

The Seventh Circuit has indicated that contraband found in a shared space can constitute "some evidence" to support a disciplinary conviction. *Hamilton v. O'Leary*, 976 F.2d 341, 346 (7th Cir. 1992) (some evidence of guilt where homemade weapons were reported found in a cell "occupied by and under the control of Hamilton and his three cellmates"); *see Flowers v. Anderson*, 661 F.3d 977, 980 (8th Cir. 2011) (collecting cases). *But see Austin v. Pazera*, 779 F.3d 437 (7th Cir. 2015) (holding that inmate's conviction for contraband found in a crawl space that four other inmates had access to was not supported by "some evidence").

But the Court need not rely on that proposition here, given Mr. Griffin's confession that the weapon belonged to him. This confession certainly constitutes "'some evidence' logically supporting" the hearing officer's conclusion that Mr. Griffin possessed the weapon and demonstrates "that the result [wa]s not arbitrary." *Ellison*, 820 F.3d at 274; *see House v. Daniels*, 637 F. App'x 950, 951 (7th Cir. 2016) (holding that "some evidence" existed because the evidence did not rest on "shared access alone" but also additional evidence increasing the likelihood that the specific petitioner was actually guilty). Therefore, he is not entitled to relief on this ground.

### 3. Denial of Witness Statement & Evidence

Finally, Mr. Griffin argues that he was denied a witness statement from inmate Burnworth and the conduct report against Mr. Burnworth, both of which would have shown that the weapon belonged to Mr. Burnworth rather than Mr. Griffin.

Due process requires "prison officials to disclose all material exculpatory evidence," unless that evidence "would unduly threaten institutional concerns." *Jones v. Cross*, 637 F.3d 841, 847 (7th Cir. 2011) (citation and quotation marks omitted). In the prison disciplinary context, "the purpose of the [this] rule is to insure that the disciplinary board considers all of the evidence relevant to guilt or innocence and to enable the prisoner to present his or her best defense." *Id.* (citation and quotation marks omitted). Evidence is exculpatory if it undermines or contradicts the finding of guilty, *see id.*, and it is material if disclosing it creates a "reasonable probability" of a different result, *Toliver v. McCaughtry*, 539 F.3d 766, 780-81 (7th Cir. 2008).

Inmates also "have a due process right to call witnesses at their disciplinary hearings when doing so would be consistent with institutional safety and correctional goals." *Piggie v. Cotton*, 344 F.3d 674, 678 (7th Cir. 2003) (citing *Wolff*, 418 U.S. at 566). However, "prisoners do not have the right to call witnesses whose testimony would be irrelevant, repetitive, or unnecessary." *Pannell v. McBride*, 306 F.3d 499, 503 (7th Cir. 2002).

Mr. Burnworth pleaded guilty to his own disciplinary charge for possessing the same weapon Mr. Griffin was charged with possessing. But as discussed above, Mr. Burnworth's possession of the weapon did not foreclose Mr. Griffin from also being convicted for possessing the weapon. Neither Mr. Burnworth's testimony nor his conduct report would have been exculpatory in light of Mr. Griffin's confession. Mr. Griffin is not entitled to relief on these grounds.

### C. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Griffin to the relief he seeks. Accordingly, Mr. Griffin's petition for a writ of habeas corpus must be **denied** and the action dismissed.

Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: 12/29/2021

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

RICKY GRIFFIN
196658
PENDLETON - CORRECTIONAL INDUSTRIAL FACILITY
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064

Katherine A. Cornelius
INDIANA ATTORNEY GENERAL
katherine.cornelius@atg.in.gov